

U.S. Department of Justice

07-341 (EGS)

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 26, 2007

<u>Via Fax and US Mail</u>

Danielle Jahn, Esq.
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Suite 550
Washington, D.C. 20004

FILED

JAN     2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

      Re:    United States v. Angelica I. Guizado
             USAO# 2007R01315

Dear Ms. Jahn:

      This letter sets forth the full and complete plea offer to your client, Angelica I. Guizado, from the Criminal Division of the United States Attorney's Office for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). **This plea offer will expire on October 12, 2007.** If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

      Your client agrees to plead guilty to a one count information charging her with uttering a forged security of an organization, the activities of which affect interstate commerce, in violation of 18 U.S.C. § 513(a).

      Your client understands that pursuant to 18 U.S.C. § 513, the charge of uttering a forged security carries a maximum sentence of 10 years of imprisonment, a fine of $500,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, and a 5 year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

      In consideration of your client's plea to the above offense, your client will not be further

prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, <u>Guidelines Manual</u> (2006) (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following:

**A.    Offense Level under the Guidelines**

Sentencing Guidelines Stipulations

**Uttering a Forged security of an organization, the activities of which affect interstate commerce** (18 U.S.C. § 513)

| | | |
|---|---|---|
| Base Offense Level | § 2B1.1(a)(2) | 6 |
| Specific Offense Characteristics | | |
| Loss of More than $30,000 | § 2B1.1(b)(1) (C) | 6 |
| | | 12 |

**Acceptance of Responsibility: 2-point reduction:** Provided that your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G § 3E1.1(a).

In accordance with the above, the applicable **Guidelines Offense Level is 10.**

**B.    Applicable Guideline Range**

Based upon the calculations set forth above, **your client's stipulated Sentencing Guidelines range is 6 to 12 months in zone B("Stipulated Guidelines Range").**

The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the Stipulated Guidelines Range set forth above is warranted. Accordingly, neither party will seek such a departure or seek any adjustment not set forth herein. Nor will either party suggest that the Court consider such a departure or adjustment.

### Agreement as to Sentencing Allocution

The parties further agree that a sentence within the Stipulated Guidelines Range would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of the Stipulated Guidelines Range or suggest that the Court consider a sentence outside of the Stipulated Guidelines Range.

Nothing in this Agreement limits the right of the parties to make any arguments regarding where within the Stipulated Guidelines Range (or such other range as the Court may determine) your client should be sentenced or to seek an appropriately adjusted sentencing range if it is determined based upon new information that your client's criminal history category is different from that set forth above. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B) the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in Title 18, United States Code, Section 3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

**Restitution**

In addition to the other penalties provided by law, the Court is mandated to order that your client make restitution in an amount determined by the Court under 18 U.S.C. § 3663A. Based on information the government has in its possession, it estimates that restitution is $45,196 in this matter.

**Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false

statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

ANTHONY M. ALEXIS
Assistant United States Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 1/17/08

Angelica Guizado
Defendant

**ATTORNEY'S ACKNOWLEDGMENT**

     I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely set forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 1/17/08

Danielle Jahn, Esquire
Assistant Federal Public Defender
Attorney for the Defendant