UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 07 - 341 (EGS) |
| : | |
| ANGELICA GUIZADO, : | FILED |
| : | |
| Defendant. : | JAN    '08 |
| _____ : | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

## STATEMENT OF THE OFFENSE

At all times relevant to this case, the Universal Settlements, LLC (Universal) was a limited liability corporation located within the District of Columbia at 1050 Connecticut Avenue, N.W. At all times relevant to this case Universal was engaged in a business that had an affect on interstate commerce. Particularly, Universal was a real estate company that provided real estate settlement services. The activities of Universal included title searches, title examinations, preparation of real estate documents, preparation of real estate closing documents, and processing and closing real estate transactions.

One of the key services that Universal handled was real estate closings where a seller of real property and a buyer of real property formally meet in order to transfer ownership of the real property. As part of its role in the real estate closing process, Universal earned a fee to handle the financial transactions involved in the real estate closing including collecting the purchase money for the real property and disbursing the proceeds of the real property sale to the appropriate parties including the seller and any lien holders. Universal maintained a trust account at Provident Bank of Maryland (the DC trust account) to facilitate the settlement process for District of Columbia real estate transactions. The DC trust account is where sale proceeds were deposited and from where

payments to all parties due money from a particular real estate settlement were made. The DC trust account was neither an operating nor payroll account of Universal.

On or about October 1, 2005, defendant, Angelica Guizado was re-hired by Universal to work in the District of Columbia as a post-settlement closer. As part of her responsibilities, Ms. Guizado prepared checks to parties involved in real estate closings and made sure that the appropriate person who was a party or lien-holder in a real estate transaction was properly paid from the proceeds of the transaction. Because of her responsibilities, Ms. Guizado had access to DC trust account checks.

Commencing on or about July 20, 2006 up to an including March 28, 2007, Ms. Guizado devised and executed a scheme to embezzle money from Universal by converting checks from Universal's DC trust account by forging the signature of Christopher Darby, the Vice-President of Universal, and making the checks payable to her or her relatives' benefit without Universal's knowledge or authority. From on or about July 20, 2006, up to and including March 28, 2007, defendant Guizado forged approximately 76 Universal checks drawn on the DC trust account and utilized the checks to pay her creditors such as American Express, student loans, and Discover.

For example, on or about November 6, 2006, defendant Guizado prepared check number 1240665 drawn on Universal's "DC Trust Account" at Provident Bank of Maryland xxxxx-xxxxxxxx-xxxxx0721 and forged the name Christopher Darby and made the check payable to American Express for $431.00. The American Express account associated with that payment belonged to defendant Guizado. Defendant was not authorized to sign Mr. Darby's name nor authorized to spend money from the DC trust account for personal purposes. As a result of defendant Guizado's scheme and her forgery of approximately 76 checks, Universal sustained a loss of approximately $45, 196.43.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

_____
ANTHONY M. ALEXIS
Assistant United States Attorney
D.C. Bar No. 384-545
Federal Major Crimes Section
555 Fourth Street, N.W., Room 4826
Washington, D.C. 20530

**DEFENDANT'S ACKNOWLEDGMENT**

     I have read this Statement of the Offense and have discussed it with my attorney, Danielle Jahn, Esquire. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 1/17/08

_____
ANGELICA GUIZADO
Defendant


**ATTORNEY'S ACKNOWLEDGMENT**

     I have read this Statement of the Offense, and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 1/17/08

_____
DANIELLE JAHN, ESQUIRE
Assistant Federal Public Defender
Attorney for Defendant