UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Cr. No. 07-341 (EGS) |
| : | |
| ANGELICA I. GUIZADO, : | |
| : | |
| Defendant. : | |

**SENTENCING MEMORANDUM**

On January 17, 2008, Ms. Guizado pled guilty to a one-count Information charging her with Securities of the States and Private Entities, in violation of 18 U.S.C. § 513 (a). She will appear before this Honorable Court for sentencing on June 17, 2008. Ms. Guizado, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

**BACKGROUND**

On December 12, 2007, a one-count Information was filed charging Ms. Guizado with Securities of the States and Private Entities, in violation of 18 U.S.C. § 513 (a). On January 17, 2008, Ms. Guizado appeared before this Court and pled guilty to the Information pursuant to a written plea agreement. Pursuant to the plea agreement, the parties agreed that § 2B1.1(a)(2) and § 2B1.1(b)(1)(D) of the United States Sentencing Guidelines (hereinafter "guidelines") applied in this case. In addition, the parties agreed to a two-level reduction for acceptance of responsibility, pursuant to § 3E1.1. In sum, the parties agreed that the total offense level is 10 with no known criminal history; therefore resulting in a guideline range of 6 to 12 months imprisonment within Zone B of the guidelines.

The Pre-Sentence Report (PSR) calculates the guideline range that was contemplated by

the parties pursuant to the plea agreement. Therefore, the PSR indicates that the applicable sentencing guidelines is a range of 6 to 12 months. See PSR, ¶ 47, pg. 10. Ms. Guizado does not dispute to this calculation, and is precluded from requesting this Court to a sentence below the calculated guideline range pursuant to the plea agreement.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Ms. Guizado's request that she be sentenced to a three-year term of probation with the condition that six months of her probation consist of home detention. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765

(citing 18 U.S.C. § 3553(a)(2)).  Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.**  (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]."  18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of a three-year term of probation with the condition that six months of her probation consist of home detention would be warranted in this matter, and that any sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).

## I. Factors of Ms. Guizado that the Court Should Consider under § 3553(a)(1)

### I. Nature of the Offense

The crime to which Ms. Guizado pled guilty is a very serious offense.  Over the course of approximately eight months, from July 2006 until March 2007, Ms. Guizado forged over seventy checks from her employer Universal Settlements.  Ms. Guizado used those checks to pay her creditors.

In the spring of 2007, Ms. Guizado was fired from Universal Settlements.  Several months later, in early summer of 2007, Ms. Guizado received a phone call from a detective with the Metropolitan Police Department inquiring about the fraudulent checks at Universal

Settlements. According to Ms. Guizado, during this phone conversation, she admitted her wrongdoing and agreed to meet with the detective and his colleagues in the future. Approximately one week later, Ms. Guizado met with detectives at her home. During this home visit, Ms. Guizado again admitted to her wrongdoing.

There is no dispute that Ms. Guizado has been very remorseful, candid, forthcoming and cooperative regarding her involvement in this case. Not only did she immediately admit her wrongdoing, she has complied with every request of law enforcement at every stage of this case.

    II.    *Characteristics of the Defendant*

Ms. Guizado was born in Peru in 1983 and lived with her maternal grandparents until she moved to the United States at the age of six. Ms. Guizado came to the United States to live with her mother in 1989 after her mother married Felix Guizado. As a result of this union, Mr. Felix Guizado and Ms. Guizado's mother, had two sons, Gerardo (now 17 years old) and Christian (now 14 years old). Also, at the age of fourteen, Ms. Guizado was adopted by Felix Guizado. Ms. Guizado has had no contact with her biological father in Peru.

Around the age of fifteen, Ms. Guizado along with her younger brothers were physically abused by their father, Felix Guizado. Unfortunately, this abuse did not stop until Ms. Guizado left for Alaska to attend college after graduating high school in 2001. From September 2001 until May 2003, Ms. Guizado attended Alaska Pacific University - a school over 4000 miles away from her family.

In May 2003, Ms. Guizado left Alaska and returned to the D.C. area at the request of her mother. Ms. Guizado quit college in Alaska to help her mother secure a divorce from her adoptive father. Ms. Guizado's mother needed assistance with the care-taking of Ms. Guizado's

two younger brothers and was financially unable to make ends meet without Ms. Guizado's assistance. In sum, Ms. Guizado returned home at a very tumultuous time.

Despite the chaos at home, Ms. Guizado continued on with her educational pursuits by attending American University in Washington, D.C. beginning in August 2003 until May 2004. It was also during this time period that Ms. Guizado had secured full-time work with Universal Settlements as a post closing processor. Prior to her full-time employment status with Universal Settlements, Ms. Guizado had worked for Universal Settlements during the summer months while she was in high school.

In early 2006, Ms. Guizado started having financial problems from a significant amount of debt from student loans, credit cards, divorce attorney expenses for her mother, and living expenses. See PSR, ¶ 42-43, pg. 8-9. In May 2006, Ms. Guizado's parents finally divorced and Ms. Guizado helped her mother purchase the condominium in which she, her brothers, and mother were all living. Ms. Guizado became responsible for financially and emotionally providing for her two brothers and her mother. It was during this time period that Ms. Guizado fraudulently wrote checks to her creditors from Universal Settlements.

After Ms. Guizado was fired from Universal Settlements in April 2007, she desperately tried seeking other employment. In July 2007, Ms. Guizado secured employment with the University of Maryland, Office of Gift Acceptance in College Park, Maryland, as a gift processor. A few months later, in September 2007, Ms. Guizado was promoted to the position of incoming contributions manager. As an employee of the University of Maryland, Ms. Guizado is eligible to receive six credits per semester at no cost to her. As a result of this benefit, Ms. Guizado is currently taking two on-line courses, one in mathematics and the other in psychology.

Ms. Guizado hopes to take advantage of these University of Maryland on-lines classes until her degree in Psychology can be fulfilled.

> III.  *Sentencing Ms. Guizado to a Sentence of Incarceration would be Unduly Punitive and would Delay Restitution Payments*

The imposition of a sentence of imprisonment in the instant case would serve no purpose other than punishment. Imposing a sentence of imprisonment in this case would prove more detrimental to Ms. Guizado's character than rehabilitative or instructive. Punishment is indeed one of the purposes of sentencing, but the toll the instant case has taken on her personally, academically, and professionally, in addition to the shame that Ms. Guizado personally feels, and the fact that, in any case, conditions will be imposed and her liberty restricted certainly serve - in Ms. Guizado's case - as adequate punishment. Also, Ms. Guizado's record is now permanently stamped with a felony conviction that will never be expunged.

Further, the Court should consider the sum of restitution in this case - approximately $45,196.43. If Ms. Guizado is given any term of incarceration she will be unable to provide restitution to the United States government in a timely fashion - if at all. The need to provide restitution to the United States government shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Ms. Guizado.

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Guizado respectfully submits sentencing her to a three-year term of probation with the condition that six months of her probation consist of home detention is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or

effectively provide Ms. Guizado with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

                                              Respectfully submitted,

                                              A.J. KRAMER
                                              FEDERAL PUBLIC DEFENDER


                                              _____/s/_____
                                              Dani Jahn
                                              Assistant Federal Public Defender
                                              625 Indiana Avenue, N.W., Suite 550
                                              Washington, D.C.  20004
                                              (202) 208-7500