IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO. 07-341 (EGS) |
| : | |
| ANGELICA GUIZADO, : | Next Date:   June 17, 2008 (Sentencing) |
| : | |
| Defendant. : | |
| _____ : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing, requesting that the defendant be sentenced to a three-year term of probation with the condition that six months of her probation consist of home detention, with restitution of $45,196.43 – the full amount of the loss in this case. In support thereof, the United States respectfully states the following:

### Background

1. The defendant's actions pertaining to this plea agreement are set forth in the proffer of evidence accepted by the defendant on January 17, 2008.

2. In summary, at all relevant times, Universal Settlements, LLC (Universal) was a limited liability corporation located within the District of Columbia at 1050 Connecticut Avenue, N.W. Particularly, Universal was a real estate company that provided real estate settlement services. The activities of Universal included title searches, title examinations, preparation of real estate documents, preparation of real estate closing documents, and processing and closing real estate transactions.

3. One of the key services handled by Universal was real estate closings, where a seller and a buyer of real property formally meet in order to transfer ownership of the real property. As part of its role in the real estate closing process, Universal earned a fee to handle the financial transactions involved in the real estate closing process, including collecting the purchase money for the real property and disbursing the proceeds of the real property sale to the appropriate parties including the seller and any lien holders. Universal maintained a trust account at Provident Bank of Maryland (the DC trust account) to facilitate the settlement process for District of Columbia real estate transactions. The DC trust account is where sale proceeds were deposited and from where payments to all parties due money from a particular real estate settlement were made. The DC trust account was neither an operating nor payroll account of Universal.

4. On or about October 1, 2005, defendant, Angelica Guizado, was rehired by Universal to work in the District of Columbia as a post-settlement closer. As part of her responsibilities, Ms. Guizado prepared checks to parties involved in real estate closings and made sure that the appropriate person, who was a party or lien-holder in a real-estate transaction, was properly paid from the proceeds of the transaction. Because of her responsibilities, Ms. Guizado had access to DC trust account checks.

5. Commencing on or about July 20, 2006, up to and including March 28, 2007, Ms. Guizado devised and executed a scheme to embezzle money from Universal by converting checks from Universal's DC trust account by forging the signature of Christopher Darby, the Vice-President of Universal, and making the checks payable to her or her relative's benefit without Universal's knowledge or authority. From on or about July 20, 2006, up to and including March 28, 2007, defendant Guizado forged approximately 76 Universal checks drawn

on the DC trust account and utilized the checks to pay her creditors such as credit card companies and student loan organizations.

## Statutory Penalties

6.  Pursuant to Title 18, United States Code, Section 513(a), the defendant faces a maximum sentence of 10 years imprisonment, and/or a maximum fine of $250,000.  See PSR ¶¶ 46, 59.

## Sentencing Guidelines

7.  The Federal Sentencing Guidelines calculation embodied in the Presentence Report (PSR) places the defendant's base offense level at 6.  See PSR ¶ 15.  The PSR includes a 6-point Specific Offense Characteristic increase because the offense involved more than $30,000 but less than $70,000.  See PSR ¶ 16.  The PSR also correctly affords the defendant a 2-point reduction in her guidelines calculation for acceptance of responsibility, which diminishes her total offense level to 10.  See PSR  ¶ 22.  The PSR calculates the defendant's criminal history category as I, because of lack of prior convictions.  See PSR ¶ 25.  Accordingly, based on a total offense level of 10 and a criminal history category of I, the Guidelines range for the defendant is 6 to 12 months of imprisonment.  See PSR ¶ 47.

## Sentencing Recommendation

8.  The government recommends that, consistent with the defendant's position set forth in her June 10, 2008 sentencing memorandum, the Court sentence the defendant to a three-year term of probation with the condition that six months of her probation consist of home detention, with restitution for the full amount of the loss of $45,196.43.

9.  When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in Title 18 United States Code, Section 3553(a).  See United

States v. Gall, _____ U.S. _____, 2007 WL 4292116, at *7 (December 10, 2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. § 3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2), the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)).

      10.     In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, Title 18, United States Code, Section 3553(b)(1). Booker, 125 S. Ct. at 756. Nonetheless, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. See United States v. Gall, _____ U.S. _____, 2007 WL 4292116, at *7 (December 10, 2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark"). The Guidelines are the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions. See United States v. Rita, ___ U.S. ___, 127 S.Ct. 2456 (2007). See also United States Sentencing Comm'n, Supplementary Report on the Initial Guidelines and Policy Statements 16-17 (1987); see also 28 U.S.C. § 994(m) (requiring Commission to "ascertain the average sentences imposed . . . prior to the creation of the Commission"); Comprehensive Crime Control Act of 1984, S. Rep. No. 98-225, at 168

(Commission should produce a "complete set of guidelines that covers in one manner or another all important variations that commonly may be expected in criminal cases"). In addition, the Sentencing Commission has continued to study district court and appellate sentencing decisions and to "modify its Guidelines in light of what it learns." Booker, 125 S. Ct. at 766-67 (the Sentencing Commission will continue "collecting information about actual district court sentencing decisions . . . and revising the Guidelines accordingly").

11.    The Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a). Any Guidelines calculation is based on the individual characteristics of the offense and the offender, as required by Section 3553(a)(1). The Guidelines themselves thus seek to implement – in a fair and uniform way – the offense specific characteristics that, themselves, comprise the "individualized assessment" the Supreme Court commends in Gall. See Gall, at * 7.

12.    In this case, a sentence within, but at the low end of, the Guidelines range to 6 months of home detention, is appropriate. The defendant stole a considerable amount of money – $45,196.43 – belonging to her employer Universal Settlement, in a deliberate scheme which took place over the course of several months. As part of this scheme, the defendant forged the signature of Christopher Darby, the Vice-President of Universal, on approximately 76 Universal checks and utilized the checks to pay her own personal creditors, such as credit card companies and student loan organizations. It is important that the Court send a message to both the defendant and the community that such theft will not be tolerated. Although it does not appear that an individual account holder suffered a personal loss during the defendant's scheme, this does not provide a license to the defendant or anyone else to steal money from an organization and should not be used as a basis for leniency in the sentencing of the defendant.

13.     However, the government recognizes that the defendant has accepted responsibility for her actions; the defendant has no criminal convictions noted in the Presentence Report; the defendant has agreed to make full restitution payments, as part of the plea agreement, in the amount of $45,196.43; and the Presentence Report indicates that the defendant is currently employed.  See PSR ¶ 39.[1]

## Conclusion

WHEREFORE, based upon the above, and the information reflected in the Presentence Report, the United States respectfully recommends that the defendant be sentenced to a three-year term of probation with the condition that six months of her probation consist of home detention, with restitution of $45,196.43 – the full amount of the loss in this case.

Respectfully,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____/s/_____
OPHER SHWEIKI
ASSISTANT UNITED STATES ATTORNEY
D.C. Bar Number 458776
United States Attorney's Office
555 Fourth Street, N.W., Room 4233
Washington, D.C. 20530
Phone: (202) 353-8822
Opher.Shweiki@usdoj.gov

---

[1] The government notes that, at the time of the filing of this sentencing memorandum, a representative of Universal informed undersigned government counsel that Universal would likely file a victim impact statement, however, the decision whether to file such a statement had not yet been finalized.